NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

FLOR IDALMA ANDASOL SERVELLON; J.J.A.A.,

Petitioners,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No.   25-1896

Agency Nos.   A245-197-835
              A245-195-918

MEMORANDUM*

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2026**
San Francisco, California

Before: NGUYEN and VANDYKE, Circuit Judges, and HUIE, District Judge.***

Flor Idalma Andasol Servellon, a native and citizen of El Salvador, seeks

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Robert Steven Huie, United States District Judge for the Southern District of California, sitting by designation.

review of a decision by the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1]

We review legal questions de novo, and the BIA's "factual findings, including adverse credibility determinations, for substantial evidence." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016) (citation omitted). Under the substantial evidence standard, the BIA's determinations will be upheld "if the decision is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008) (citation omitted). We have jurisdiction under 8 U.S.C. § 1252. For the following reasons, we deny the petition.

1.     Substantial evidence supports the BIA's adverse credibility determination. To support an adverse credibility finding, the agency must provide "a specific, cogent reason for any stated disbelief." *Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir. 2000) (citation omitted). "[W]e will only overturn the IJ's

---

[1] Flor Idalma Andasol Servellon's son J.J.A.A. is a derivative asylum applicant. He also submitted a separate application for asylum, withholding of removal, and protection under CAT based on the same facts set forth in Andasol Servellon's application.

conclusion when 'the evidence compels a contrary result.'" *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (citation omitted).

The BIA cited several reasons for affirming the IJ's adverse credibility determination, including: (1) inconsistencies between Andasol Servellon's initial and amended asylum applications; (2) Andasol Servellon's omission of threatening text messages and their content; and (3) Andasol Servellon's inconsistent testimony regarding the timeline of her relationship with her former partner. We address each rationale in turn.

First, Andasol Servellon's initial asylum application, prepared pro se, was based on her friend's incarceration in El Salvador, and her claim that police threatened to imprison her as a result of their association. In contrast, her second asylum application, prepared with the assistance of counsel, was based on threats made against her by Marvin, a gang member connected to her former partner, Jairo. The second application made no mention of her friend in prison and provided a different basis for seeking relief from removal. *Id.* These inconsistencies were central to her claims of persecution. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (concluding "an adverse credibility determination may be supported by omissions that are not 'details,' but new allegations that tell a 'much different—and more compelling—story of persecution than [the] initial application'" (alteration in original) (citation omitted)).

3

Second, Andasol Servellon testified on direct examination that she received three threatening text messages directly from Marvin. She did not provide this information in her written asylum applications. Although "omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony," these omissions concerned the "events and circumstances that [petitioner] experienced directly," and the agency was entitled to afford substantial weight to these discrepancies. *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021).

Third, Andasol Servellon initially testified that she met Jairo in 2019, but during cross-examination, she testified that she met him around "2016 or 2017." In her declaration, she stated that she met Jairo in 2016, and they became engaged a few months later. These discrepancies, too, supported the agency's adverse credibility determination. *See Rodriguez-Ramirez*, 11 F.4th at 1093 (concluding that "an IJ may rely upon an inconsistency in a 'crucial date' concerning 'the very event upon which [a petitioner] predicated his claim for asylum'" (alteration in original) (citation omitted)).

Without credible testimony, Andasol Servellon failed to meet her burden to establish eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

4

2.      Substantial evidence supports the BIA's finding that Andasol Servellon was not entitled to protection under CAT. Although "[a]n adverse credibility determination does not, by itself, necessarily defeat a CAT claim," *Garcia*, 749 F.3d at 791, Andasol Servellon points to no evidence in the record independent of her testimony to support that she will more likely than not be tortured if removed to El Salvador.  In the absence of such evidence and because we affirm the BIA's adverse credibility determination, we similarly affirm the denial of Andasol Servellon's CAT claim.  *See Farah*, 348 F.3d at 1157 (denying CAT protection where a petitioner's CAT claim was only based on the same testimony that the agency determined was not credible).

For the foregoing reasons, we conclude the BIA's findings were supported by substantial evidence, warranting denial of relief.[2]

**PETITION DENIED.**[3]

---

[2] In light of this disposition, we decline to address Andasol Servellon's remaining arguments related to her asylum and withholding claims addressing other grounds the IJ relied upon.

[3] The motion for a stay of removal, Dkt. No. 2, is denied.  The temporary stay of removal is lifted.